IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MICHAEL ETCHEGOINBERRY, *et al.*,<br><br>      Plaintiffs,<br><br>  v.<br><br>THE UNITED STATES OF AMERICA,<br><br>      Defendant. | No. 11-564 L<br><br>Senior Judge Marian Blank Horn<br><br>*Electronically filed on*<br>*July 2, 2020* |

**PLAINTIFFS' REQUEST TO LIFT STAY AND PROPOSED NEXT STEPS**

  Plaintiffs ask the Court to lift the stay of litigation that has been in place since October 25, 2013 and to allow Plaintiffs to resume the pursuit of their legal remedies. After nearly seven years of settlement efforts have failed to produce anything close to tangible results, Plaintiffs are entitled to their day in court. Settlement efforts should continue, but Plaintiffs' right to legal process in this Court should no longer have to wait for a settlement that continues to recede over the horizon year after year.

  **I.  REQUEST TO LIFT STAY**

  Plaintiffs do not contest the facts set forth in the "Procedural History" section of the United States' status report. But the most important thing about that history is what is absent from it: any indication that the parties are closer to settlement now than they were in 2015. The United States notes that it entered into a settlement agreement with the Westlands Water District – a related party, but not a plaintiff in this case – in September 2015. That settlement agreement did not settle the instant case, however, and in any event, the 2015 Westlands/United States settlement agreement required authorization by the U.S. Congress that has never arrived. As the United States notes, a bill to authorize the Westlands/United States settlement was reported out

of committee in the U.S. House of Representatives in the 114th and 115th Congress but was not brought to a vote. But that bill has not even been introduced in the current Congress. *See* United States Status Report, Exhibit A, at ¶ 3 (April 1, 2020 Declaration of Principal Deputy Regional Director, U.S. Bureau of Reclamation).

The United States argues that "there is nothing preventing Congress from considering and passing the enabling legislation," such that "resources expended litigating this lawsuit will prove wasted if Congress enacts this enabling legislation." United States Status Report, at 4. But under this logic, Congress can ignore this settlement without consequence for years more; there would still be "nothing preventing Congress" from acting at that time. After seven years of waiting, an ongoing and indefinite stay of this case requires something more than a general hope that Congress will someday act. There must be an affirmative and specific reason to think that Congress is actually poised to act, and soon. But no such reason is anywhere in sight – if anything, Congress is moving backward.

If there were cause to believe that a bit more time would be productive in securing a settlement, Plaintiffs would be open to continuing the stay. But the United States has offered no such cause. Accordingly, after nearly seven years, it is time for the stay to be lifted. The alternative is simply for Plaintiffs to yield their rights indefinitely, and they are not willing to do so.

**II.     PROPOSED NEXT STEPS**

Plaintiffs agree with the United States that if the stay is lifted, the next step should be that the government will file an answer to Plaintiffs' complaint by August 10, 2020, followed by the litigation of a Rule 12(c) motion, to be filed by the government on August 14. Plaintiffs request a response deadline to that motion of September 25, 2020, a 14-day extension.

Plaintiffs also agree to delay the commencement of discovery until the outcome of the government's Rule 12(c) motion. Given the many years that have elapsed since the filing of this case, however – and in order that no more additional time go by than is necessary – Plaintiffs respectfully ask the Court to identify a date by which the parties may reasonably expect a motion filed August 14, 2020 to be decided by the Court, after which Plaintiffs may seek the Court's leave to commence discovery even if no order on the Rule 12(c) motion has yet issued at that time. Plaintiffs defer to the Court, of course, on the length of time that is reasonable under such circumstances; Plaintiffs merely hope to avoid a scenario in which discovery is unexpectedly and unreasonably delayed due to circumstances beyond the control of the parties or the Court – *e.g.*, a backlog of cases in the Court caused by coronavirus.

Plaintiffs thank the Court for its quick action on the parties' joint request for a status conference on the next steps in this case.

>Respectfully submitted,
>
>BEVERIDGE & DIAMOND, P.C.
>
>_____/s/  Eric L. Klein_____
>Eric L. Klein
>Gus B. Bauman
>1350 I Street, N.W., Suite 700
>Washington, DC 20005
>Tel: (202) 789-6000 / Fax: (202) 789-6190
>Email: eklein@bdlaw.com
>            gbauman@bdlaw.com
>
>KERSHAW, COOK & TALLEY PC
>William A. Kershaw
>Lyle W. Cook
>401 Watt Avenue
>Sacramento, CA 95864
>Tel:  (916) 779-7000 / Fax:  (916) 721-2501
>Email:  bill@kctlegal.com
>            lyle@kctlegal.com
>
>*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 2, 2020, a true copy of the foregoing document was served on all counsel of record using the Court's CM/ECF system.


                                        */s/ Eric L. Klein*
                                         Eric L. Klein