IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| MICHAEL ETCHEGOINBERRY, ) | Case No. 11-564 L |
| ) | |
| Plaintiffs, ) | Senior Judge Marian Blank Horn |
| ) | |
| v. ) | *Electronically filed on July 2, 2020* |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

<u>UNITED STATES' STATUS REPORT</u>

The United States submits this status report in response to the Court's June 28, 2020, Scheduling Order (ECF No. 136), to propose next steps in this case. The United States proposes that the Court continue the stay (1) to await Congress' evaluation of the settlement agreement signed by Westlands Water District ("Westlands") and the United States and (2) to allow the parties to remain focused on settlement negotiations in the absence of Congressional action that attains both the monetary and non-monetary benefits of the settlement agreement. If the Court is inclined to lift the stay, the parties have conferred and agreed to a schedule wherein the United States answers the operative complaint and files a Rule 12(c) motion to dismiss for failure to state a claim shortly thereafter. Post-answer proceedings under Rule 26 and Appendix A to the Rules of this Court, together with fact discovery, would be stayed until resolution of that Rule 12(c) motion. Under this agreement, the United States would file its answer on August 10, 2020, and file its Rule 12(c) motion on August 14, 2020.

The United States discusses below the recent procedural history and then its proposal.

A.       Procedural History

Plaintiffs' complaint alleges a single cause of action—a violation of the Fifth Amendment based on alleged "actions and inactions of the United States." Complaint ¶ 111 (ECF No. 1). More specifically, Plaintiffs allege that "[t]he United States' continuous failure to provide drainage through the present day has resulted in high water tables and in saline groundwater beneath and upon Plaintiffs' properties, which have been the direct, natural or probable result of the United States' shirking of its drainage obligation." Id. ¶ 7.

The United States moved to dismiss under Rule 12(b)(1) on the ground that the six-year statute of limitations barred Plaintiffs' claim. U.S. Mot. to Dismiss (ECF No. 9). This Court denied that motion on September 30, 2013, holding that Plaintiffs are not time-barred from pursuing their sole takings claim "based on defendant's failure to provide a drainage solution for the Westlands for over fifty years." *Etchegoinberry v. United States*, 114 Fed. Cl. 437, 498 (2013).

Shortly after denying the United States' 12(b)(1) motion, this Court stayed further proceedings in this lawsuit based on the parties' "optimism about the prospects for settlement." Oct. 25, 2013, Order (ECF No. 82). The parties reported in their January 2015 joint status report that the United States and Westlands "reached consensus, subject to approval, on potential terms for settlement regarding the management of drainage within Westlands' service area." Jan. 15, 2015, Joint Status Report ¶ 2 (ECF No. 95). The parties noted that the proposed settlement, if approved, "would provide the means for resolving all pending claims in [*Etchegoinberry*] and in *Westlands Water Dist. v. United States*, No. 2013-5069 (Fed. Cir.) ("*Westlands*"), and which may affect the provision of drainage service under orders issued by the district court in *Firebuagh Canal Water Dist. v. United States*, Case No. 88-cv-634 (E.D. Cal.) ("*Firebaugh*")."

*Id.* "[O]n September 15, 2015, the United States and Westlands executed a Settlement Agreement concerning the management of drainage service within Westlands and the settlement of litigation over drainage service to Westlands." Federal Defs.' Notice of Filing of Settlement Agreement (ECF No. 1001) (*Firebaugh*), *reproduced as Exhibit A to* Sept. 17, 2015, Joint Status Report (ECF No. 100). The parties noted that "implementation of the Settlement will depend upon the enactment of authorizing federal legislation." Sept. 17, 2015, Joint Status Report (ECF No. 100).

Thereafter, the parties reported that two bills to authorize the settlement agreement were introduced in the House of Representatives of the 114th and 115th United States Congress and voted favorably out of the House Committee on Natural Resources in both instances, but neither bill was brought to a floor vote in the House. Apr. 3, 2018, Joint Status Report ¶ 3 (ECF No. 117). Although the settlement agreement stated that it was voidable if not acted upon by January 15, 2017, Federal Defendants and Westlands extended that date to January 15, 2018. Jan. 23, 2017, Joint Status Report ¶ 4 (ECF No. 108). And even though that extended date has passed, neither Westlands nor the United States has voided the settlement agreement.

The stay of litigation in *Firebaugh* expired on January 15, 2018, at which time the Bureau of Reclamation returned to implementing its control schedule for drainage and the parties began exploring ways by which they might attain the benefits of the settlement agreement. Apr. 3, 2018, Joint Status Report ¶ 6 (ECF No. 117); July 9, 2018, Joint Status Report ¶¶ 5, 7 (ECF No. 119). Efforts to explore way of attaining the benefits of the settlement agreement since Reclamation's re-implementation of its control schedule have been active and remain ongoing.

In the United States' April 1, 2020, declaration submitted in *Firebaugh*, Reclamation's Principal Deputy Regional Director reported on several matters, including: (1) the status of the

2015 Westlands Settlement; (2) Reclamation's $3 million payment to the San Luis Water District in furtherance of the San Luis Water District Drainage Agreement, and (3) Reclamation's post-2018 actions to provide drainage within the Westlands Water District, including (a) completion of project designs and preparation of a design summary and cost estimates, (b) preparation of a Basis of Negotiation to facilitate repayment by Westlands of drainage service features, (c) refinement of a comprehensive control schedule, (d) awarding a construction contract in excess of $1 million to retrofit the San Luis Demonstration Treatment Facility.  A copy of this declaration is attached to this status report as Exhibit A.  On April 3, 2020, *Firebaugh* was reassigned to District Judge Dale A. Drozd.

B.  The United States' Proposal for Next Steps

As summarized above, the Settlement Agreement reflects years of effort to coordinate a resolution of the drainage issues relating to the San Luis Unit among varying individual landowners, Westlands, and Reclamation.  The nuances of the drainage issue led the negotiating parties to conclude that enabling legislation was the most prudent path forward.  Finding a substitute for Congressional action that still allows the negotiating parties to attain the benefits of the Settlement Agreement is, unsurprisingly, a challenging task.  Consequently, the United States proposes in the first instance that this litigation remain stayed for two reasons.  First, because neither Westlands nor the Federal Defendants voided the settlement agreement, there is nothing preventing Congress from considering and passing the enabling legislation called for in that agreement.  Hence, resources expended litigating this lawsuit will prove wasted if Congress enacts this enabling legislation.  Second, given the long history of negotiation and the practical difficulties involved with negotiating among multiple parties and numerous lawsuits involving

4

monetary and non-monetary claims, these settlement efforts should remain the parties' primary focus.

If the Court is inclined to lift the stay, the United States submits that the operative complaint fails to state a claim upon which relief may be granted because it asserts a takings claim on inaction (*i.e.*, the failure to provide drainage), rather than an affirmative act. The United States understands that Plaintiffs dispute this characterization of their complaint. Nevertheless, the parties have conferred on the most efficient and logical path forward in light of this disagreement on whether Plaintiffs' complaint states a claim. Because the Court has already ruled on a motion under Rule 12(b), the parties agree that United States should first answer Plaintiffs' complaint and then promptly file a motion for judgment on the pleadings under Rule 12(c) for failure to state a claim. RCFC 12(h)(2)(B). The parties further agree that the Court should stay all other matters that would otherwise be triggered by the filing of an answer—such as filing a joint preliminary status report, exchanging initial disclosures, and conducting subsequent discovery—until the Rule 12(c) motion is resolved.

//
//
//
//
//
//
//
//
//
//
//

Consequently, if this Court lifts the stay, the parties propose that the United States file its answer to Plaintiffs' complaint by August 10, 2020. The United States will then file its Rule 12(c) motion by August 14, 2020. The deadlines for post-answer filings under Rule 26 and Appendix A to the Rules of this Court turn on either (1) the filing of the United States' answer to Plaintiffs' future amended complaint (if the United States' Rule 12(c) motion is granted) or (2) the denial of the United States' Rule 12(c) motion.

Dated: July 2, 2020                           Respectfully submitted,

                                              PRERAK G. SHAH
                                              Deputy Assistant Attorney General

                                              By */s/ Frank J. Singer*
                                              FRANK J. SINGER
                                              WILLIAM J. SHAPIRO
                                              United States Department of Justice
                                              Environment & Natural Resources Division
                                              Natural Resources Section
                                              Post Office Box 7611
                                              Washington, D.C. 20044-7611
                                              Tel: 202.616-9409
                                              Fax: 202-305-0506
                                              E-mail: frank.singer@usdoj.gov

                                              ATTORNEYS FOR THE UNITED STATES

<u>Exhibit A</u>
to U.S. Status Report

# EXHIBIT A
to United States' Status Report

PRERAK SHAH
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

JEFFREY N. CANDRIAN (Colo. 43839)
Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
999 18th St. S. Terrace #370
Denver, CO 80202
Telephone: (303) 844-1382
Fax: (303) 844-1350
Email: jeffrey.candrian@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREBAUGH CANAL WATER DISTRICT and CENTRAL CALIFORNIA IRRIGATION DISTRICT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants, and<br><br>WESTLANDS WATER DISTRICT, *et al.*,<br><br>Defendants-in-Intervention. | 1:88-cv-00634-NONE/SKO<br>1:91-cv-00048-NONE/SKO<br>(Partially Consolidated)<br><br>DECLARATION OF RICHARD A. WELSH IN SUPPORT OF FEDERAL DEFENDANTS' STATUS REPORT OF APRIL 1, 2020 |

I, Richard A. Welsh, declare as follows:

1. I am the Principal Deputy Regional Director for the Bureau of Reclamation's ("Reclamation") California-Great Basin Region, based in Sacramento, California. In my official capacity as Principal Deputy Regional Director, I am charged with assisting the Regional Director in overseeing the management of Reclamation's water projects in an area that

Declaration of Richard A. Welsh
in Support of Federal Defendants'
Status Report of April 1, 2020
1:88-cv-00634-NONE-SKO

1

encompasses the northern two-thirds of California, most of western Nevada, and part of southern Oregon. I began serving as the Principal Deputy Regional Director in December 2019. Prior to that I was Acting Deputy Regional Director, starting in June 2019, and provided direct oversight of the Klamath and Lahontan Basin Area Offices. I also supervised technical offices and programs within the region, including the Construction Office and the Divisions of Environmental Affairs; Safety and Emergency Management; Security; Design and Construction; Resources Management; and Planning. Prior to becoming Acting Deputy Regional Director, I served as the Regional Construction Engineer for the Mid-Pacific Construction Office. I began my Reclamation career in the Lower Colorado Region in 1985 and relocated to the Mid-Pacific Region in 1991. I am familiar with the actions undertaken by Reclamation to provide drainage service to the San Luis Unit of the Central Valley Project. I make this declaration based upon my personal knowledge and could and would so testify competently if called to do so.

2. In my previous declaration in support of the United States' Status Report of October 1, 2019 (ECF 1037-1), I advised the Court of Reclamation's actions associated with implementation of drainage service in the San Luis Unit, including the implementation of the 2011 Revised Control Schedule and the 2018 Revised Control Schedule, submitted on January 19, 2018. *See* ECF 1027-1. I now provide this further declaration to update the Court on Reclamation's activities in the San Luis Unit since October 1, 2019.

## I. IMPLEMENTATION OF THE CONTROL SCHEDULE AND THE WESTLANDS SETTLEMENT

### A. The Westlands Settlement

3. On January 10, 2017, the United States and the Westlands Water District ("Westlands") executed an Addendum to the 2015 Westlands Settlement to extend by one year, from January 15, 2017 to January 15, 2018, the date by which the Westlands Settlement would become voidable if authorizing legislation were not enacted into law. ECF 1013-2. The United States and Westlands have not sought another extension, but neither the United States nor Westlands has taken action to void the Settlement. At this point, no bill has been introduced in

Declaration of Richard A. Welsh
in Support of Federal Defendants'
Status Report of April 1, 2020
1:88-cv-00634-NONE-SKO

the 116th Congress to authorize the 2015 Westlands Settlement. Nevertheless, Westlands and the United States remain engaged in discussions concerning the future of the 2015 Westlands Settlement.

      B.    Agreement with San Luis Unit Water District

      4.    On April 25, 2017, Reclamation signed the "Agreement between the United States and the San Luis Water District" ("San Luis WD Drainage Agreement"). Under the terms of the San Luis WD Drainage Agreement, San Luis Water District ("San Luis WD") would agree to support amendments to the San Luis Act of 1960, set forth in the San Luis WD Drainage Agreement, that if enacted would relieve the United States of its obligations under the statute to provide drainage service to San Luis WD. San Luis WD would further agree to assume legal responsibility for the management of drainage within its boundaries, in exchange for certain consideration requiring approval by Congress.

      5.    As previously reported to the Court (see ECF 1037-1 ¶ 5), Reclamation awarded a $3 million dollar financial assistance agreement to San Luis WD on September 5, 2017, in furtherance of implementation of the San Luis WD Drainage Agreement. Reclamation and San Luis WD are working together to develop a new financial assistance agreement. The final amount has yet to be determined and Reclamation anticipates this agreement to be awarded in Fiscal Year 2020. The new agreement will continue to support the construction of drainage conveyance and re-use infrastructure within San Luis WD.

      C.    Continued Implementation of the 2018 Revised Control Schedule

      6.    On January 15, 2018, the one-year extension of the partial stay of the partial judgment and injunctive orders requiring Reclamation to implement drainage service within Westlands expired. In preparation for the expiration of the partial stay, Reclamation reviewed and revised the previous control schedule to update and plan for reinitiating drainage activities within Westlands. On January 19, 2018, Reclamation submitted to the Court the 2018 Revised Control Schedule describing major activities, schedule, and estimated annual funding

Declaration of Richard A. Welsh
in Support of Federal Defendants'
Status Report of April 1, 2020
1:88-cv-00634-NONE-SKO

3

1  requirements for the implementation of Phase 1 of drainage service for the Westlands Central
2  sub-unit. (ECF 1027-1).
3      7.    Since submission of the 2018 Revised Control Schedule, Reclamation has
4  continued with the following project activities:
5      a.    <u>Re-scope Project Needs</u>: Reclamation analyzed data recently received
6  from Westlands and Panoche Water District regarding land use, cropping, and current drainage
7  needs. Reclamation will address any changes occurring since the 2008 Feasibility Study when
8  final designs are prepared for specific features within each phase and geographic location of the
9  overall project. Reclamation completed conceptual designs for drainage collection laterals,
10 pumping plants, reuse facilities, and drainage conveyance pipelines for Construction Group G,
11 which is part of the Phase 1 implementation for drainage service in the Westlands Central
12 subarea. Reclamation is now working to prepare a design summary document and cost estimates
13 for this portion of the Phase 1 design. The design summary and cost estimates for Group G will
14 be bundled into a package for Westlands to review later this year.
15     b.    <u>Westlands Water District Repayment Contract</u>: Under Reclamation law,
16 construction, operation, and maintenance of agreed upon drainage service features require
17 repayment by Westlands. Reclamation is currently updating a previous draft of the repayment
18 contract to be shared with Westlands for evaluation and input. The Mid-Pacific Region of
19 Reclamation also continues to work on a request for a Basis of Negotiation ("BON") consistent
20 with Reclamation Directives and Standards PEC 06-01, requesting the Commissioner delegate
21 the authority to negotiate, sign, and administer the repayment contract to the Regional Director in
22 the Mid-Pacific Region. The Mid-Pacific Region anticipates sending the request for a BON to
23 Reclamation Policy Office later this year. The Reclamation Policy Office will then complete its
24 review and transmit the BON to the Commissioner's Office for approval. Reclamation resources
25 within the region have been challenged the past six months, as contracting staff continue
26 working on contract conversion processes throughout the region. Approximately 70 CVP
27 contractors have requested that their water service contracts be converted into repayment
28 Declaration of Richard A. Welsh
in Support of Federal Defendants'
Status Report of April 1, 2020
1:88-cv-00634-NONE-SKO

1  contracts under the Water Infrastructure Improvements for the Nation Act ("WIIN Act"), Pub. L.
2  No. 114-322, § 4011 (2016).

3        c.    Comprehensive Control Schedule: Reclamation continues refining the
4  comprehensive control schedule for the entire drainage obligation within both Westlands and the
5  Northerly Area Districts, based on the activities to implement Group G conveyance facilities as
6  part of Westlands Central Phase 1. The comprehensive control schedule is being refined in
7  preparation for finalization. Reclamation's ability to successfully implement the control
8  schedule will be based on the availability of appropriations from Congress.

9      8.    As described in my previous declaration (ECF 1037-1), the San Luis
10 Demonstration Treatment Facility ("Demo Plant") was shut down in January 2019 to retrofit the
11 solid waste handling system. The purpose of the San Luis Demo-Plant is to 1) demonstrate and
12 operate the reverse osmosis and selenium biotreatment technologies in order to collect the
13 necessary data for final design of three full-scale drainage treatment components in Westlands,
14 and 2) evaluate other innovate technologies that may reduce the cost and environmental impacts
15 of implementing drainage. Reclamation awarded a construction contract for the retrofit work on
16 September 18, 2019 in the amount of $1,193,445.00. The construction contract duration is for
17 nine months and the Demo Plant will remain shut down during construction. On June 18, 2019,
18 Reclamation's Technical Service Center in Denver started conducting bench-scale tests to 1)
19 simulate full-scale evaporation processes, and 2) optimize membrane processes to inform future
20 pilot testing and identify full-scale optimization opportunities at the Demo Plant once
21 construction retrofits are complete. Bench scale evaporation tests demonstrated water column
22 selenium concentrations are partially removed by precipitating compounds as water evaporates;
23 however, variability in experimental results indicates further studies are required and selenium
24 concentrating in the water column is likely. Currently, there is no biologically treated water from
25 the Demo Plant to continue conducting evaporation tests and will require plant startup (post
26 construction) for testing to continue. Membrane optimization testing has determined that
27

28 Declaration of Richard A. Welsh
in Support of Federal Defendants'
Status Report of April 1, 2020
1:88-cv-00634-NONE-SKO

5

precipitation along with membrane processes are capable of achieving greater than 70% recovery, and future tests are planned.

## II. SUPPORT FOR ADDITIONAL DRAINAGE PROJECTS

9. In addition to reinitiating work under the 2018 Revised Control Schedule, Reclamation has taken a series of drainage-related actions in continued support of the following projects:

   a. Grassland Bypass Project: The 2009 Agreement for the Continued Use of the San Luis Drain ("Third Use Agreement") expired on December 31, 2019. Reclamation and the San Luis & Delta-Mendota Water Authority entered into a new Use Agreement allowing Grassland Area Farmers to convey storm induced flows in the San Luis Drain ("The Drain"). The new Use Agreement is regulated by Waste Discharge Requirements ("WDR," Order Number R-5-2019-0077) issued by the California Central Valley Regional Water Quality Control Board on December 5, 2019. Reclamation will conduct environmental monitoring as described in the WRD. The previous Third Use Agreement allowed for the conveyance of both agricultural and storm water induced flows through The Drain. Agricultural induced flows will continue to be managed in the San Joaquin River Improvement Project ("SJRIP") area as described below.

   b. Continued Implementation of Activities Identified in the Westside Regional Drainage Plan: The following activities have been implemented in support of the Westside Regional Drainage Plan:

      i. Panoche DD continues to implement activities associated with the Westside Regional Drainage Plan, notably the re-use of agricultural drainwater from the Grasslands Drainage Area to irrigate salt-tolerant crops such as pistachios and forage grasses in the SJRIP. In calendar year 2019, Panoche DD used 32,702 acre-feet of drainage water to irrigate salt tolerant crops in the SJRIP. This water displaced 3,567 pounds of selenium and 276,880 tons of salt from Mud Slough and the San Joaquin River.

Declaration of Richard A. Welsh
in Support of Federal Defendants'
Status Report of April 1, 2020
1:88-cv-00634-NONE-SKO

6

    ii. I previously reported on the consequences of a 2017 report by the California State Controller, titled "Panoche Water District, Review Report, Administrative and Internal Accounting Controls, March 1, 2013, through February 28, 2015," and on Reclamation's suspension of grant agreements with Panoche DD for the SJRIP. ECF 1037-1 ¶ 10(b)(ii). The suspension remains in effect pending conclusion of an investigation by the Interior Inspector General. The suspension may affect further development and expansion of the SJRIP infrastructure, but has not affected current operations of the SJRIP as Reclamation's grant agreements do not fund operations of the SJRIP.

    iii. As an effort to restore funding for the further development and expansion of the SJRIP infrastructure, Reclamation is conferring with representatives of the Grasslands Drainage Area entities regarding options for the future management of drainage service for the Northerly Area Districts. Firebaugh Canal Water District, Panoche Drainage District/Panoche Water District, Charleston Drainage District/San Luis Water District, Pacheco Water District, and Camp 13 Drainage District formed a Joint Powers Authority, titled Grassland Basin Authority, to 1) provide drainage services relative to the Grassland Basin and the SJRIP, 2) administer grants from the State of California, and 3) resume the administration of grants from Reclamation in support of drainage projects. The Authority is meeting monthly and has adopted several policies such as investment, conflict of interest, code of conduct. The Authority has selected counsel and established banking practices. The Authority is in the process of selecting a general manager and will determine additional staffing needs. Once the general manager is in place, further refinement of budgets and project funding strategies will be examined.

    iv. In July 2018, the Office of the Inspector General completed its audit of Reclamation's Cooperative Agreement with Panoche DD for the operations of the Demo-Plant. The audit report identified $20,777 in unsupported costs and $193,814 in unallowable costs, for a total of $213,891 in questioned costs. Reclamation has been working with the Office of the Inspector General and Panoche DD to resolve the audit findings. Reclamation issued Panoche DD a Remedy Notice in August 2019 providing Panoche DD an

Declaration of Richard A. Welsh
in Support of Federal Defendants'
Status Report of April 1, 2020
1:88-cv-00634-NONE-SKO

1  opportunity to respond to the audit and institute corrective actions. Reclamation expects to
2  resolve these audit findings no later than April 30, 2020.
3      I declare under penalty of perjury that the foregoing is true and correct.
4  Signed this 26th day of March 2020, in Glenn County, California.

*[signature]*

Richard A. Welsh

28  Declaration of Richard A. Welsh
in Support of Federal Defendants'
Status Report of April 1, 2020
1:88-cv-00634-NONE-SKO

8